HEALTH RECOVERY SYSTEMS, INC.
ADDENDUM TO THE FRANCHISE AGREEMENT

This is an Addendum to the Franchise Agreement between Health Recovery Systems, Inc., and Inner Balance, LLC (Franchisees) to amend said Franchise Agreement dated August 28, 2000, as follows:

Not withstanding the provisions stated in the following articles in the Franchise Agreement, said articles are amended to incorporate the following understanding between the parties:

Paragraph 2.4 is hereby amended as follows:

Article 2.4 Reservation of Rights by the Company. For a period of thirty six (36) months, from the above date, neither the company nor any other franchisee will operate a Health Recovery Center within the States of Colorado or Wyoming.

In addition, for a period of twelve (12) months from the above date, neither the company or any other franchisee will operate a Health Recovery Center within the State of Nebraska.

If an expansion market franchise is warranted within the territories of Colorado, Wyoming, or Nebraska, as determined by the Company, Franchisee shall have the first right of refusal to purchase said expansion market franchise rights from the Company after receiving forty-five (45) days written notice of the expansion market franchise offering. The first right of refusal shall be for a discounted price which is to be determined by the Company. The discounted price shall be established for existing franchise holders who purchase an expansion market franchise. The agreement to purchase the expansion market franchise rights shall be pursuant to a Territory Development Agreement and Franchise Agreement, which shall be the same agreements to be privately or publicly offered to all franchisees if the undersigned Franchisee declines to purchase the expansion market franchise rights.

After the initial operating period of thirty-six (36) months, Franchisee's exclusive territory shall recede to an area consisting of no less than the Denver-Boulder SMSA, which exclusive territory shall remain vested in Franchisee for the duration of this Agreement and for any extensions thereof.

If no expansion market franchise rights are established, or, if no expansion market franchise rights agreements are reached with Franchisee or other franchisees, Franchisee shall continue to have exclusive rights to the territory consisting of the states or Colorado, Wyoming, and Nebraska until such time as expansion market franchise rights are established and an expansion market franchise rights agreement is executed regarding each separate State Territory or fraction thereof.

Paragraph 3.3 is hereby amended as follows:

3.3 Gross Revenues. "Gross Revenues" means the total receipts of all money or property of any kind, for or in connection with the services rendered by the Franchisee within the Territory or otherwise, directly or indirectly, in connection with the Health Recovery Center business only, including all service, and products sold to Health Recovery Center clients. The term shall be deemed to include checks, drafts, money orders, credit card payments, and all other instruments and forms of payment whether received by the Franchisee or by the Company pursuant to billings made by the Company to the Franchisee's customers, whether or not the same are postdated or are later dishonored or rescinded or payment is stopped thereon. The term shall not include applicable sales, use or service taxes nor commissions received on sales of equipment from the Company or the Affiliate.

Paragraph 3.6 is hereby amended as follows:

Article 3.6 Territory. The "territory" defined by said Franchise Agreement is described in exhibit B which is attached. However, article 2.4 grants additional rights as described.

Paragraph 4.2C is hereby amended as follows:

Article 4.2 Retention of Rights.

C. Specifically, the Company retains the rights under this Agreement to sell books, nutrients, and other products through the internet, stores, direct mail and other mediums but does not retain rights to provide drug or supplement treatment services which will conflict with the franchisee's business.

Paragraph 4.3 is hereby amended as follows

4.3 Territorial Rights. The grant of the franchise and license described in Section 4.1 is limited to the conduct of the Business, utilizing the Marks, in the Territory. The Affiliate may operate outside the Territory. The Affiliate may operate within the Territory in cooperation with the Franchisee upon a mutual agreement of the Affiliate and Franchisee. The Company may grant other franchisees and other parties the right to operate any other HEALTH RECOVERY businesses outside the Territory and, if Franchisee's gross receipts are below $500,000 for any 12 month running period, inside the Territory; provided, however, that Franchisee shall first be given ninety (90) days to improve sales to annualize $500,000. If Franchisee improves gross receipts to an annualized amount of $500,000 or greater, then Franchisee shall be entitled to continued exclusivity within the territory.

Paragraph 16.2 is hereby amended as follows:

Article 16.2 The Company's Right to Terminate After Opening.

A.(3) Notwithstanding anything to the contrary contained in this Article 16, the Company has the right to survey all completed projects. If, in any one calendar year, 25% or more of the Franchisee's customers are dissatisfied, the Company, at its option, may take over the Territory and terminate this Agreement. If the Company takes over the Territory it will pay the Franchisee 50% of the Franchisee's last three months gross receipts.

All other terms and conditions of said contract shall remain the same. A copy of this document may be executed by each party, separately, and when each party has executed a copy thereof, such copies taken together shall be deemed to be a full and complete contract between the parties. Facsimile signatures shall be considered binding until original signatures can be obtained.

"FRANCHISEE"

[signature]

"COMPANY"
HEALTH RECOVERY SYSTEMS, INC.

Joan Mathews Larson
President