05-880 JMR/FLN

EXHIBIT C

PERSONAL GUARANTY AND ASSUMPTION OF FRANCHISEE'S OBLIGATIONS

In consideration of, and as an inducement to, Health Recovery Systems, Inc. execution of that certain Franchise Agreement (the "Agreement") by and between the franchisee named therein (the "Franchisee") and Health Recovery Systems, Inc. (the "Company") of even date herewith, each of the undersigned hereby personally and unconditionally: (1) guarantees to the Company, and its successors and assigns, for the term of the Agreement and thereafter as provided in the Agreement, that the Franchisee shall punctually pay and perform each and every undertaking, agreement and covenant set forth in the Agreement; and (2) agrees to be personally bound by, and personally liable for the breach of, each and every provision in the Agreement.

Each of the undersigned waives:

(1) acceptance and notice of acceptance by the Company of the foregoing undertakings;

(2) notice of demand for (a) payment of any indebtedness, or (b) performance of any obligations hereby guaranteed;

(3) protest and notice of default to any party with respect to the indebtedness or nonperformance of any obligation hereby guaranteed;

(4) any right they may have to require that an action be brought against Franchisee or any other person as a condition of liability; and

(5) any and all other notices and legal or equitable defenses to which they may be entitled.

Each of the undersigned consents and agrees that:

(1) direct and immediate liability under this guaranty shall be joint and several;

(2) any payment or performance required under the Agreement shall be rendered upon demand if Franchisee fails or refuses punctually to do so;

(3) such liability shall not be contingent or conditioned upon pursuit by the Company of any remedies against Franchisee or any other person; and

(4) such liability shall not be diminished, relieved or otherwise



Exhibit D

affected by any extension of time, credit or other indulgence which the Company may occasionally grant to Franchisee or to any other person, including the acceptance of any partial payment or performance, or the compromise or release of any claims, none of which shall in any way modify or amend this guaranty, which shall be continuing and irrevocable during the term of the Agreement.

IN WITNESS WHEREOF, each of the undersigned has hereunto affixed his signature on the same day and year as the Agreement was executed.

WITNESS

Joan Matthews Larson
President

GUARANTOR(S)

Joseph Eisele