05-880 JMR/FLN

HEALTH RECOVERY SYSTEMS INCORPORATED

August 27, 2004

Ron Graham and Joe Eisele
InnerBalance, LLC
d/b/a Health Recovery Center of Colorado
8774 North Yates Drive, Suite 330
Westminster, CO 80031

**NOTICE OF DEFAULT SENT BY FACSIMILE AND CERTIFIED MAIL**

Re: Franchise Agreement dated August 28, 2000 (the "Franchise Agreement") by and between Health Recovery Systems Incorporated ("HRS") and InnerBalance, LLC, d/b/a Health Recovery Center of Colorado ("you") and guaranteed by Ron Graham, Joe Eisele and Dr. Robert Groves

Dear Mr. Graham and Mr. Eisele:

This letter constitutes notice to you that you are in default under the terms of the Franchise Agreement. Your known defaults under the terms of the Franchise Agreement are as follows:

1. You are operating more than one Health Recovery business within the territory designated by your Franchise Agreement. The Franchise Agreement grants InnerBalance the right to operate only a single Health Recovery business within the designated Territory. *See* Franchise Agreement, Paragraphs 3.1 and 4.1. You were advised in writing in November 2000 that HRS would allow you to operate in two locations for a short period of time, in order for you to transition from your Fort Collins location to a Denver location. You were advised in that same writing that the grant to you of the right to operate a second location under the Franchise Agreement would expire on September 1, 2002, and if you did not consolidate your operations to a single location within the Territory by September 1, 2002, you would be required to enter into a separate Franchise Agreement and pay an additional franchise fee.

   Your continued operation of two locations within the Territory constitutes a material breach of the Franchise Agreement. To cure this default, you must consolidate your operations to a single location within the Territory.

2. Paragraph 6.8 of the Franchise Agreement provides that, before opening a Health Recovery business, HRS "must give its consent to the site." You have failed to comply with this provision of the Franchise Agreement by failing to obtain HRS' consent to the site before relocating from your Denver location to your Westminster location. Not only did you fail to obtain HRS' consent to the site of your Westminster business in violation of Paragraph 6.8 but you also failed to even notify HRS that you were moving your business from its former Denver location. Your failure to obtain HRS' consent to the site before opening a Health Recovery business in Westminster constitutes a material breach of the Franchise Agreement. HRS does not believe that your present Westminster site is suitable for the operation of a Health Recovery business in that, among other things, it

Phone: 612-827-7800 • Toll Free: 800-554-9155 • Facsimile: 612-827-1948
3255 Hennepin Ave So • Minneapolis, MN 55408
franchise@healthrecovery.com • www.healthrecovery.com

Exhibit G

does not meet HRS' standards with respect to total square footage, lab space and bathroom facilities.

To cure this breach of the Franchise Agreement, you must close your Westminster location. If you intend to operate a Health Recovery business in a location other than your present site in Fort Collins, you must first close your Fort Collins business, consolidate your operations and obtain HRS' consent to a new site within the Territory before commencing operations in that new location.

3. Pursuant to Paragraph 7.4 of the Franchise Agreement, you are required to "maintain the uniform standards of operation under the Franchise granted herein, [and] operate the Business at all times in strict compliance with the requirements of this Agreement and of the Manual." In addition, pursuant to Paragraph 7.9 of the Franchise Agreement, you are required to "comply with such programs of standardization as may from time to time be promulgated by the Company to promote the common business image and to protect the goodwill associated with the Business and the Marks."

   You have failed to comply with these provisions of the Franchise Agreement by using a Response Kit that does not comply with HRS' standard Response Kit. In particular, the Response Kit that you are using includes unauthorized personal statements from Mr. Eisele, unauthorized client "reaction" statements and a videotape with a prohibited toll-free number and defunct email address on the label. In addition, you have failed to include the proper Health Recovery Center brochures in your Response Kit. As a result, you are in material breach of the Franchise Agreement. To cure this default, you are required to bring your Response Kit into compliance with HRS' standards.

   We also understand you are not following the procedures prescribed in the HRS Operations Manual for handling calls from prospective and current clients. In particular, you have failed to have an HRS-trained counselor on site during all normal business hours (9:00 a.m. to 8:30 p.m.) at your Westminster location to handle calls.. As a result, you are in material breach of the Franchise Agreement. To cure this default, you must consolidate your operations to a single location within the Territory and make sure that you have an HRS-trained counselor on site during all normal business hours.

4. Pursuant to Paragraph 7.6 of the Franchise Agreement, you are required to "procure nutrients from suppliers approved by the Company." We have learned that you are using unapproved suppliers to obtain nutrients. Your use of unapproved suppliers constitutes a material breach of the Franchise Agreement. To cure this default, you must discontinue all purchases of nutrients from unapproved suppliers and use only suppliers that have been approved by HRS. You have previously been provided with a list of approved suppliers, but if you need another copy please let me know within the next 10 days.

5. Pursuant to Paragraph 7.15 of the Franchise Agreement, you are prohibited from using a national or interstate "800, or other free incoming call, telephone number" other than the universal toll-free number established by HRS (888-988-6889). Your use of an

unauthorized national 800 number constitutes a material breach of the Franchise Agreement. To cure this default, you must discontinue your use of the separate national 800 number.

6. Pursuant to Paragraph 9.2 of the Franchise Agreement, you are required to "pay to the Company, without offset, credit, or deduction of any kind, the Royalty Fee, the National Advertising . . . and any other payments due to the Company from the Franchisee in a timely manner." Paragraph 3.5 of the Franchise Agreement defines Royalty Fee as "ten (10%) percent of Gross Revenues for the Business" and Paragraph 3.9 defines National Advertising Fee as "two percent (2%) of Gross Revenues." Paragraph 3.3 defines Gross Revenues as "the total receipts of all money or property of any kind, for or in connection with the services rendered by the Franchisee within the Territory or otherwise, directly or indirectly, in connection with the Health Recovery Center business only, including all service, and products sold to Health Recovery Center clients."

   You have failed to include revenues from the sale of nutrients and other products and services in your gross revenues for purposes of calculating the Royalty Fees and National Advertising Fees paid to HRS. Consequently, you have not paid HRS the full amount of royalties and national advertising fees due under the Franchise Agreement. Your failure to pay the full amount of royalty and national advertising fees constitutes a material breach of the Franchise Agreement.

   In addition, you have failed to make your royalty and national advertising fee payments for the month of July. These payments were due to HRS on or before August 10th. Your failure to make your July royalty and national advertising fee payments in a timely manner constitutes a material breach of the Franchise Agreement. This is the third time in the last year that you have failed to timely make the monthly royalty and national advertising fee payments to HRS.

   To cure these defaults, you must provide to HRS a complete accounting of all revenues generated in connection with the Business, including revenues generated from the sale of nutrients and all other products and services, and remit payment to HRS for all amounts remaining due, including but not limited to all Royalty Fees and National Advertising Fee payments for the month of July, and all Royalty Fees and National Advertising Fee payments due with respect to revenues generated from the sale of nutrients and all other products and services in the Business for which payment has not already been made with respect to prior months.

7. Pursuant to Paragraph 13.1 of the Franchise Agreement, you are required to provide HRS with verified reports of your Gross Revenues for the preceding month on or before the tenth of each month. You have failed to accurately report your Gross Revenues to HRS. In particular, you have excluded revenues from the sale of nutrients and other products from your calculation of Gross Revenues. In addition, you have failed to provide HRS with verified reports of your Gross Revenues for the month of July. Your failure to accurately report and provide such reports is a material breach of the Franchise

Agreement. To cure these defaults, you must provide HRS with a complete accounting of all of your Gross Revenues, including revenues from the sale of nutrients and other products.

8. Pursuant to Paragraph 13.3 of the Franchise Agreement, you are required to allow HRS to obtain from time to time "one or more complete audits" of the affairs and records relating to the operations of the Business and, upon request by HRS, to "make such books, records and information available to the Company or its designated representative at a reasonable time and place for review and audit by the Company." You have failed to allow HRS to audit your financial books and records. Further, you have failed to allow HRS to have access to your patient charts and records, counseling groups and staff so that it can verify that you are following the proper procedure for treatment services. Your failure to accurately report and provide such reports is a material breach of the Franchise Agreement. To cure this default, you must allow HRS access to all records relating to the operation of your Business, including but not limited to your financial records and patient charts, as well as access to your counseling groups and staff. This will constitute notice to you that HRS representatives wish to conduct a complete audit of your financial books and records, your patient charts, your counseling groups, your staff and all other aspects of your business affairs and operations, both at your Denver site and your Fort Collins site. Please advise HRS as to the earliest date such books, records and operations can be made available for inspection. We will then inform you as to when our representatives are available so that there will be no misunderstandings, and proper access will be made available to our representatives.

There is no provision of the Franchise Agreement that condones any of the foregoing breaches, or permits them to continue for any period of time. Each day you fail to bring yourself into compliance with the provisions of the Franchise Agreement is another day HRS suffers damages from your breaches of the Franchise Agreement for which the franchisee and each of the guarantors of the Franchise Agreement will be held accountable. We therefore expect you to cure all of these breaches immediately. With respect to the breaches identified in paragraphs 5, 6, and 7, your cure of these breaches will be effectuated upon receipt by us of the information and payments set forth therein. No other actions or explanations will cure these defaults. With respect to the other breaches, we would expect you take the action stated above, to comply with the requirements of the Franchise Agreement, and to confirm to us that you have done so. We understand that you will not likely cure each default on the same day, but we would expect you to advise us within five (5) business days after curing each default.

Apart from HRS's right to recover damages against you and the guarantors of your obligations under the Franchise Agreement with respect to the foregoing defaults, HRS also has the right under the Franchise Agreement to terminate the Franchise Agreement within 30 days or less (depending on the default) following your receipt of this Notice of Default if these defaults have not been cured by that time. In the past, you have ignored default letters, or suggested it was impossible to comply within the time period provided. While HRS does not in any way condone your continued default under any of these provisions for even one additional day, HRS does

desire to work with you to be certain you have adequate time to cure these defaults before terminating the Franchise Agreement. Therefore, without waiving any right to damages arising out of any default, HRS will give you 60 days from the date of this letter in which to cure each of the defaults set forth in this letter before it exercises its right to terminate the Franchise Agreement. If you fail to cure each and every one of these defaults within this 60 day period, your franchise will terminate effective 90 days from the date of this letter.

Please note that if you choose not to cure the defaults and instead allow the Franchise Agreement to terminate, you will not be relieved from your contractual obligations under the Franchise Agreement. As provided in the Franchise Agreement, termination is not an exclusive remedy for breach. Thus, if the Franchise Agreement is terminated, you will remain liable not only for all fees due to HRS through the date of termination, but for damages through the normal expiration of the Franchise Agreement. Under general contract law, HRS would be entitled to the benefit of its bargain, namely all Royalty Fees and other amounts that would have been due to HRS through the remaining term of the Franchise Agreement.

Additionally, if you allow the Franchise Agreement to terminate, you will remain bound by all post-termination obligations contained in the Franchise Agreement, including but not limited to your obligation to immediately pay all amounts owed to HRS, to return to HRS its Manual and other confidential materials, to maintain the confidentiality of all proprietary information furnished by HRS, to immediately cease using all of HRS' Marks, to transfer all telephone listings, numbers and directory advertising to HRS, and to pay all costs, including attorneys' fees and costs, incurred by HRS in terminating your franchise. You will also be bound by the post-termination covenant against competition contained in paragraph 18.2 of the Franchise Agreement, which provides that you "may not solicit, contact or do any work for any customer or potential customer developed as a HEALTH RECOVERY franchise at any time nor [] operate a business which incorporates bio-chemical restoration and repair . . . [nor] use any materials, systems, formulas, processes, or methods which were developed as a HEALTH RECOVERY franchise."

Finally, we remind you that you are liable to HRS for all damages caused to HRS as a result of your defaults, including damage to the goodwill and integrity of the HRS system. Given that these damages could be very significant, we urge you to take this matter very seriously, and to meticulously cure each of the defaults set forth above as soon as possible because all three guarantors of your obligation will also be liable for these damages. To assure they have notice of their potential liability and cannot make any claim that they were not aware of the significant potential liability they are facing with respect to these matters, we are providing copies of this letter to each of the guarantors.

If you have any questions regarding this letter, you may contact me or have your attorney contact our litigation counsel, Jon S. Swierzewski. The foregoing is without prejudice to any other rights and remedies HRS may have in this matter.

Sincerely,

Joan Mathews Larson

Joan Mathews Larson, CEO
Health Recovery Systems, Inc.

cc: Ron Graham
Joe Eisele
Dr. Robert Groves
Charles S. Modell, Esq.
Jon S. Swierzewski, Esq.
Genevieve A. Beck, Esq.

959450.1